UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRIAN L. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00576-JRS-MJD |
| ) | |
| T. J. WATSON, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS ACTION
OR TO RESCIND PLAINTIFF'S PAUPER STATUS**

On April 20, 2021, the defendants filed a motion to dismiss the action or, in the alternative, to rescind the plaintiff's pauper status. They also filed a motion to stay discovery during the pendency of this motion. For the reasons explained below, both motions are **DENIED**.

**I.
BACKGROUND**

Plaintiff Brian L. Brown, an inmate at USP Terre Haute, is proceeding on Eighth Amendment medical claims against defendants T.J. Watson, R. Drummy, and Mr. Taylor in their individual and official capacities.

On October 28, 2020, Mr. Brown initiated this action by filing a complaint and a motion to proceed *in forma pauperis*. Dkts. 1, 2. The motion to proceed *in forma pauperis* informed the Court that Mr. Brown has "struck out" by filing three actions that were dismissed as frivolous or malicious or for failing to state a claim upon which relief may be granted. Dkt. 2, p. 2. Nevertheless, Mr. Brown asked to proceed without pre-paying the filing fee under the "imminent danger of serious physical injury" exception set forth in 28 U.S.C. § 1915(g). On December 8, 2020, the Court granted Mr. Brown's motion to proceed *in forma pauperis*. Dkt. 9.

The complaint makes the following allegations. Mr. Brown was placed in the Special Housing Unit ("SHU") at USP Terre Haute on September 22, 2020. Dkt. 1, p. 4. Since that time, he has been denied access to a CPAP machine, eye patches, medical socks, medications, and other medical supplies. *Id.* at 5-7. At one point he was provided with a CPAP machine that had recently been used by another inmate, but he was not provided with a means to sanitize the machine, rendering the machine unsafe to use in light of the COVID-19 pandemic. *Id.* at 7. Mr. Brown's attempts to use a CPAP machine are also frustrated by the fact that he lacks access to an electrical outlet. *Id.* at 5. The complaint alleges that Warden Watson, Mr. Drummy, and Mr. Taylor either prevented Mr. Brown's access to these medical supplies or knew that he had been denied access and failed to intervene. *Id.* at 5-7. The complaint claims that these denials amount to deliberate indifference to Mr. Brown's serious medical needs in violation of the Eighth Amendment. *Id.* at 7.

On January 14, 2021, the Court issued an Order screening the complaint and directing service of process. Dkt. 10. The Court concluded that, liberally construed, the complaint states claims against the defendants for ongoing deliberate indifference to Mr. Brown's serious medical needs. *Id.* at 3. The Court allowed claims for damages to proceed against the defendants in their individual capacities and claims for injunctive relief to proceed against the defendants in their official capacities. *Id.*

On April 20, 2021, the defendants filed a motion seeking the dismissal of the action or, in the alternative, the rescission of Mr. Brown's pauper status. They argue that the allegations set forth in the complaint regarding Mr. Brown's medical care have been resolved and, as a result, his request for injunctive relief is now moot. They also argue that the Court should not have allowed claims for damages to proceed against the defendants in their individual capacities because Mr. Brown did not explicitly request damages in the complaint. Finally, they argue Mr. Brown's

pauper status should be rescinded because he is no longer under "imminent danger of serious physical injury." 28 U.S.C. 1915(g).

In support of this motion, the defendants have submitted a copy of a motion for an extension of time that Mr. Brown filed in the Ninth Circuit Court of Appeals on February 5, 2021. Dkt. 23-8. The motion states that Mr. Brown was released from the SHU on November 30, 2020. *Id.* at 4. The next day, his housing unit was put under lockdown following positive COVID-19 tests from individuals living or working in the unit. *Id.* at 4. Mr. Brown remained under some form of COVID-19 lockdown until he was transferred back to the SHU on January 5, 2021. *Id.* at 5. Mr. Brown was later released from the SHU on January 18, 2021. *Id.* Although the motion for time references Mr. Brown's CPAP machine, it is not clear from the motion whether Mr. Brown currently has a functioning CPAP machine or whether his other complaints about medical supplies have been resolved.

The defendants have also submitted copies of Mr. Brown's medical records in support of their motion.

A medical report from November 6, 2020, states that Mr. Brown had multiple complaints about his CPAP machine and his eye patch. Dkt. 23-4. A medical report from November 25, 2020, states that Mr. Brown has a CPAP machine that is in working condition and that he was awaiting the arrival of a CPAP mask. Dkt. 23-5. The report also detailed Mr. Brown's complaints about a sling eye patch that was giving him a rash. *Id.* A record from the Bureau of Prisons states that Mr. Brown received a replacement eye patch on November 26, 2020. Dkt. 23-3.

A medical report from January 26, 2021, states that Mr. Brown's CPAP machine, medication refills, eyeglasses, and other property were delivered to Mr. Brown on January 25,

2021. Dkt. 23-6. The property was found in a housing unit Mr. Brown had lived in sometime before his transfer to the SHU. *Id.*

A medical report from February 1, 2021, states that Mr. Brown was issued a CPAP mask on September 3, 2020, October 29, 2020, November 9, 2020, and December 15, 2020. Dkt. 23-7. This medical report also states that Mr. Brown complained that his CPAP equipment recently had been destroyed by another inmate. *Id.*

## II.
## DISCUSSION

### A. Motion to Dismiss Action in its Entirety

The motion to dismiss largely comes down to the Seventh Circuit's well-established precedent that *pro se* complaints, such as the one filed by Mr. Brown, must be construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). "Not only is the district court to view the *pro se* complaint with an understanding eye, but, while the court is not to become an advocate, it is incumbent on it to take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds." *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996). Indeed, it is the "well-established duty of the trial court to ensure that the claims of a *pro se* litigant are given a fair and meaningful consideration." *Id.* (quoting *Palmer v. City of Decatur*, 814 F.2d 426, 428-29 (7th Cir. 1987)).

The defendants argue that the Court should limit Mr. Brown's potential relief to a temporary restraining order because he wrote the words, "Emergency Temporary Order of Restraint" at the top of his complaint and because he asked for temporary restraining orders in the section of his complaint listing his requests for relief. Dkt. 24, pp. 5-6. They further argue that Mr. Brown has not satisfied certain technical requirements for filing a motion for a temporary restraining order or

presented evidence to support the issuance of a preliminary injunction. *Id.* at 6-7. Finally, they argue that the action should be dismissed as moot because they have presented evidence that Mr. Brown is no longer housed in the SHU and that he received his CPAP machine and other medical supplies upon entering a general population unit. *Id.* at 7-10.

    The defendants' argument is inconsistent with guidance from the Seventh Circuit. The Court does not expect *pro se* litigants to be well-versed in the technical terms for different forms of injunctive relief, lest their unfamiliarity prevent the Court from adjudicating otherwise viable claims on the merits. It is unlikely, for example, that Mr. Brown was merely seeking the return of his medical equipment for a period not to exceed 14 days when he chose to file this lawsuit. *See* Fed. R. Civ. P. 65(b)(2) (expiration of a temporary restraining order). To ensure that a *pro se* litigant's potentially viable claims are adjudicated on the merits, the Court reviews the allegations in the complaint and determines whether those allegations, liberally construed, state claims for relief against the named defendants.

    In this case, the complaint alleges that the defendants were engaged in ongoing violations of Mr. Brown's Eighth Amendment right to receive medical care while incarcerated. Such allegations may entitle Mr. Brown to injunctive relief or an award of damages. The Court therefore allowed his Eighth Amendment claims for injunctive relief to proceed against the defendants in their official capacities and his Eighth Amendment claims for damages to proceed against the defendants in their individual capacities. The Court struck this balance after due consideration of the Seventh Circuit's preference to adjudicate *pro se* claims on the merits rather than on technical grounds, the defendants' due process right to fair notice of the claims against them, and the plaintiff's right to choose the claims he wishes to bring in federal court.

To the extent the defendants argue that any claims for injunctive relief have been made moot by the return of Mr. Brown's medical supplies and his transfer out of the SHU, the Court is unpersuaded. "Courts are understandably skeptical when a defendant seeks dismissal of an injunctive claim as moot on the ground that it has changed its practice while reserving the right to go back to its old ways after the lawsuit is dismissed." *Ciarpaglini v. Norwood*, 817 F.3d 541, 544 (7th Cir. 2016) (citing *United States v. W.T. Grant Co.,* 345 U.S. 629, 632 (1953)). "Otherwise, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends." *Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91 (2013). Accordingly, "the mere cessation of the conduct sought to be enjoined does not moot a suit to enjoin the conduct, lest dismissal of the suit leave the defendant free to resume the conduct the next day." *Chicago United Indus., Ltd. v. City of Chicago,* 445 F.3d 940, 947 (7th Cir.2006) (citations omitted).

The record indicates that Mr. Brown is still a prisoner at USP Terre Haute. Even if he is in a general population unit now, he may well be sent back to the SHU or be deprived of his medical supplies in the near future. Dismissing his claims for injunctive relief at this time would be premature. Accordingly, the defendants' motion to dismiss this action is **DENIED**.[1]

### B. Pauper Status

The Court previously granted Mr. Brown pauper status because the complaint alleges he is in imminent danger of serious physical injury. The defendants argue that his release from the SHU and the return of his medical supplies remove this concern, and they have asked that Mr. Brown's pauper status be rescinded.

---

[1] The defendants also argue that "the quotidian nature of the medical supplies over which Brown is suing (*e.g.,* a CPAP machine, eye patch, and socks) suggests that there is no 'irreparable injury' at issue in this suit." Dkt. 24, p. 7. The defendants should be aware that obstructive sleep apnea is a significant risk factor for sudden cardiac death. *See* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3851022/.

A motion for pauper status is assessed in consideration of the circumstance present at the time the action is filed. Where the court grants a motion for pauper status based on the "imminent danger" exception in 28 U.S.C. 1915(g), the court will not revisit the motion based on the defendants' argument that the risk of imminent danger is no longer present. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("The question is whether these allegations are sufficient to find that [the plaintiff], when he filed his complaint, satisfied the 'imminent danger of serious physical injury' requirement of 28 U.S.C. § 1915(g)."); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("the availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. Andrews's removal from the California prison system after filing the complaint is therefore irrelevant to our § 1915(g) analysis."); *Purkey v. Watson*, 2:19-cv-541-JMS-DLP, (S.D. Ind. January 29, 2020) (rejecting defendants' argument that pauper status based on imminent danger should be revoked based on a change in circumstances).

Accordingly, the motion to rescind Mr. Brown's pauper status is **DENIED**.

### III.
### CONCLUSION AND FURTHER PROCEEDINGS

The motion to dismiss or, in the alternative, rescind Mr. Brown's pauper status, dkt. [23], is **DENIED**. The motion to stay discovery during the pendency of the motion to dismiss, dkt. [25], is **DENIED AS MOOT**. The defendants shall file an answer to the complaint within **14 days** of the issuance of this Order.

**IT IS SO ORDERED**.

Date: 5/11/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

7

Distribution:

BRIAN L. BROWN
05937-010
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Jackson Taylor Kirklin
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
taylor.kirklin@usdoj.gov