UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

BRIAN L. BROWN,                          )
                                         )
                    Plaintiff,           )
                                         )
            v.                           )          No. 2:20-cv-00576-JRS-MJD
                                         )
T. J. WATSON, et al.                     )
                                         )
                    Defendants.          )

**ORDER GRANTING UNOPPOSED MOTION FOR SUMMARY JUDGMENT**

Brian L. Brown is a federal inmate proceeding on Eighth Amendment *Bivens* claims against defendants Watson, Drummy, and Taylor, alleging deliberate indifference to a serious medical need. The defendants have filed an unopposed motion for summary judgment for failure to exhaust available administrative remedies. For the reasons explained below, the motion is **GRANTED**, and the action is **DISMISSED without prejudice**.

### I. SUMMARY JUDGMENT STANDARD

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Cmty. Schools*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Community Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). The court is only

required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

## II. BACKGROUND

### A.  Mr. Brown's Underlying Claims

Mr. Brown filed this lawsuit on October 28, 2020. The complaint makes the following allegations. Mr. Brown was placed in the special housing unit ("SHU") at his facility on September 22, 2020. Since that time, he has been denied access to his CPAP machine, eye patches, medical socks, medications, and other medical supplies. At one point he was provided with a CPAP machine that had recently been used by another inmate, but he was not provided with a means to sanitize the machine, rendering the machine unsafe to use in light of the COVID-19 pandemic. Mr. Brown's attempts to use a CPAP machine have also been frustrated by the fact that he lacks access to an electrical outlet. The complaint alleges that Warden Watson, Mr. Drummy, and Mr. Taylor either prevented Mr. Brown's access to these medical supplies or knew that he had been denied access and failed to intervene. The complaint claims that these denials amount to deliberate indifference to Mr. Brown's serious medical needs in violation of the Eighth Amendment.

### B.  Administrative Remedy Program

The Bureau of Prisons ("BOP") maintains an Administrative Remedy Program ("ARP"). *See* 28 C.F.R. §§ 542.10–542.19 (2002). The purpose of the ARP is to provide inmates with formal administrative review of issues relating to any aspect of their confinement at a BOP facility. *See* 28 C.F.R. § 542.10(a)-(b).

The ARP has four steps. First, the inmate has to present the issue of concern informally to staff. 28 C.F.R. § 542.13(a). Second, the inmate has to submit a formal written Administrative

2

Remedy Request on form BP-9. 28 C.F.R. § 542.14(a). Third, the inmate has to submit an appeal to the Regional Director on form BP-10. 28 C.F.R. § 542.15(a). Finally, the inmate has to submit a second appeal to the General Counsel on form BP-11. *Id.*

### C.  Mr. Brown's Use of the Administrative Remedy Program

The defendants have submitted a copy of Mr. Brown's Administrative Remedy report, which was generated on May 28, 2021. *See* dkt. 34-1, para. 5 (Wrede Affidavit); dkt. 34-4 (Administrative Remedy report). According to this document, Mr. Brown has used the ARP numerous times to raise issues related to the conditions of his confinement. Dkt. 34-4. However, this document also shows that Mr. Brown did not submit any grievances related to the seizure of his medical equipment after he was placed in the SHU on or around September 22, 2020. *Id.*

Rather than using the ARP to raise the issue of his seized medical equipment, Mr. Brown submitted a claim for administrative damages under the Federal Tort Claims Act ("FTCA"). *See* dkt. 34-5. This is a separate administrative remedy program codified under 28 C.F.R. §§ 543.10–543.32 (1990); *see also* 28 U.S.C. § 2675 (disposition of an administrative tort claim is a prerequisite to filing a federal lawsuit under the FTCA). The purpose of this administrative remedy program is to provide compensation for individuals seeking to pursue a tort claim against the United States for "personal injury or death and/or damage to or loss of property." 28 C.F.R. § 543.10.

### III. DISCUSSION

### A.  Exhaustion Standard

The Prison Litigation Reform ("PLRA") provides, "No action shall be brought with respect to prison conditions under section 1983 . . . or under any other Federal Law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available

are exhausted." *See* 42 U.S.C. § 1997e. Exhaustion of administrative remedies is a precondition to a federal prisoner filing a *Bivens* suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted).

Exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90. Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). However, a facility may waive certain procedural requirements by accepting and reviewing the grievance on the merits, rather than rejecting the grievance on procedural grounds such as timeliness. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011); *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). Exhaustion is an affirmative defense, and the defendants bear the burden of demonstrating that Mr. Brown failed to exhaust all available administrative remedies before filing this suit. *Kaba v. Stepp*, 458 F.3d 678, 680-81 (7th Cir. 2006).

**B.  Mr. Brown's Claims**

The uncontradicted evidence shows that Mr. Brown did not exhaust his administrative remedies under the ARP before he filed this lawsuit. Further, his Administrative Remedy report shows that he knew how to use the ARP, as he had used the ARP in the past to raise issues about the conditions of his confinement. *See* dkt. 34-4. There is no evidence to suggest that he was prevented from using the ARP in this instance. Thus, Mr. Brown failed to exhaust his available administrative remedies before he filed this lawsuit, and the lawsuit must be dismissed.

Mr. Brown's submission of an administrative claim under the FTCA did not exempt him from his obligation to exhaust his claims through the ARP. *See Massey v. Helman*, 196 F.3d 727, 734 (7th Cir. 1999) (holding that a federal inmate confined to a BOP facility must exhaust claims through the ARP before filing a civil rights lawsuit). Submitting an administrative claim for damages is a prerequisite for filing a personal injury or loss of property tort action against the United States under the FTCA; it does not apply to constitutional claims against federal officials. 28 C.F.R. § 543.10; *see also Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007) (prisoners "cannot satisfy the PLRA's exhaustion requirement solely by filing . . . administrative tort claims"); *Seele v. Federal Bureau of Prisons*, 100 F. App'x 773, 776 (10th Cir. 2004) (filing an administrative FTCA claim did not exempt prisoner from exhausting *Bivens* claim through the ARP). Accordingly, the motion for summary judgment is **GRANTED** and the action is **DISMISSED without prejudice**.

## IV. CONCLUSION

The motion for summary judgment, dkt. [34], is **GRANTED**, and the action is **DISMISSED without prejudice**. Final Judgment in accordance with this Order shall now issue.

**IT IS SO ORDERED**.

Date:   12/16/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRIAN L. BROWN
05937-010
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

J. Taylor Kirklin
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
taylor.kirklin@usdoj.gov